IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Exact Software N.A., Inc.,                                              Case No. 3:03CV7183

        Plaintiff

    v.                                                                              ORDER

Infocon, Inc.,

        Defendant

This suit began as a dispute between a producer of software, Exact Software N.A., Inc. [Exact] and one of its "resellers" [i.e., field sales representatives], Infocon, Inc. [Infocon]. After complicated and protracted proceedings, Exact and Infocon settled their dispute.

Very shortly after the settlement, Infocon notified the attorney who had represented it throughout the proceedings, J. Fox DeMoisey, of Louisville, Kentucky, that it was discharging him. Infocon's notice to Mr. DeMoisey instructed him to discharge Infocon's then local counsel [who likewise had represented Infocon throughout the litigation leading up to the settlement with Exact], John M. Carey. [Doc. 257-2].

In addition to firing Mr. DeMoisey and Mr. Carey, Infocon refused to pay statements for services they had submitted to Infocon. In due course, it paid Mr. Carey's bills. It has continued to

refuse to pay Mr. DeMoisey, which causes this case now to be a fee dispute between Infocon and Mr. DeMoisey, who has retained his own attorney.

In the meantime, Mr. Carey has remained on the docket as counsel for Mr. DeMoisey.[1] This has prompted Infocon to file a motion to disqualify Mr. Carey. [Doc. 256]. Mr. DeMoisey opposes the motion, which, for the following reasons shall be denied without prejudice.

**Discussion**

It appears that Mr. Carey's work on behalf of Mr. DeMoisey is, principally if not exclusively, that of providing assistance in complying with this court's requirement that all pleadings be filed electronically. In that respect, Mr. Carey can probably best be described as a freight forwarder, who simply conveys to their final destination materials that originate elsewhere.[2].

But Mr. Carey has also acknowledged that he converses with Mr. DeMoisey and his current counsel. The content of such conversations has not been disclosed.

For purposes of this motion, I will presume that those communications have touched on matters of strategy and tactics with regard to winning the fee dispute. I will also assume, because the contrary has not been shown, that in those communications Mr. Carey has not discussed or disclosed anything that he may have learned from Infocon during the period prior to its settlement with Exact that was not also known by Mr. DeMoisey.

---

[1] Indeed, due, I trust, to a docketing error, the docket lists only Mr. Carey as counsel for Mr. DeMoisey, while listing his retained counsel as counsel for Infocon. The Clerk shall be directed to correct this error.

[2] Even if, as Infocon suggests, Mr. Carey has played a more active role in drafting one or more post-settlement, fee dispute-related pleadings, that does not change the outcome on the pending motion. Infocon has not indicated that there is anything in such work by Mr. Carey, to the extent it is known to it, that manifests wrongful conduct on his part vis-a-vis Infocon.

Mr. Carey, in other words, does not appear to be in a position to benefit Mr. DeMoisey in DeMoisey's present dispute with his former client by disclosing something to Mr. DeMoisey that Mr. Carey gained in confidence before Infocon discharged him and Mr. DeMoisey.

Whether the risk or appearance of a conflict of interests arises depends, under Rule 1.9(a) of Ohio's Rules of Professional Conduct, on whether the instant fee dispute between Infocon and Mr. DeMoisey is a matter that is "substantially related" to the prior representation.

In the context of a suit to recover fees from a former client:

> courts evaluate whether the new matter is substantially related to the subject matter of the prior representation. The substantial relationship test involves three considerations: 1) whether the moving party is a former client of the adverse party's counsel, 2) whether a substantial relationship between the subject matter of the prior representation and subsequent representation exists, and 3) whether counsel had access or likely access to relevant privileged information. *Evans v. Artek Systems Corp.*, 715 F.2d 788, 791 (2d Cir.1983).
>   As already held in *Lankler* [*Siffert & Wohl, LLP v. Rossi,* 287 F.Supp. 2d 398, 405 (S.D.N.Y 2003)], the prior criminal representation of Rossi is not substantially related to the fee collection litigation. When "the only connection between this case and the plaintiff's prior representation is the matter of the allegedly unpaid fees," *id*. ( quoting *Cooney & Bainer, P.C. v. Milum*, No. CV94-024 65 58, 1995 WL 373951, at *4 (Conn. Super. June 19, 1995)), a substantial relationship has not been demonstrated.

*FTI Consulting, Inc. v. Rossi*, 2004 WL 359378, *2 (S.D.N.Y.).

Infocon suggests that it may call Mr. Carey as a witness in the fee dispute. But it has neither said that it is going to do so, or – and more pertinently – explained just what it wants to question him about. Until it does both these things, it must be presumed that Mr. Carey will not be called as a witness, and if he were, that his testimony would not be relevant or material to the fee dispute – i.e., not needed or allowable.

I conclude, accordingly, that, on the basis of what is presently before me: 1) there is no risk of disclosure by Mr. Carey of something he gained in confidence that is not already known to Mr. DeMoisey; 2) Mr. Carey is not likely to be called as a witness in the pending fee dispute; or, if he

is, a motion to quash any subpoena served on him may be well taken; and 3) the instant fee dispute is not substantially related to the representation provided by Mr. Carey to Infocon prior to its settlement with Exact and decision to discharge Mr. DeMoisey and Mr. Carey.

If something changes, Infocon can renew its motion to disqualify Mr. Carey. For now, though, it is hereby

ORDERED THAT Infocon's motion to disqualify John Carey, Esq., as local counsel of record for Infocon's former lead counsel [Doc. 256] be, and the same hereby is denied, without prejudice.

The Clerk shall correct the docket sheet per n.1 herein.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge