IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Exact Software N.A., Inc.,                            Case No. 3:03CV7183

           Plaintiff

      v.                                          ORDER

Infocon, Inc.,

           Defendant

       At the present time, this litigation involves a suit by a former attorney for the defendant Infocon against the defendant for unpaid attorneys' fees. Pending is the attorney's motion for leave to file a brief of fifty-two pages in support of his motion for summary judgment.

       Infocon opposes the motion, contending that I should either strike the brief for exceeding the page limits of our Local Civil Rules or grant it additional time within which to file its opposition.

       Quite candidly, I pay no attention to the page limitations prescribed by the Local Rules. Some motions require extended presentation, and prescribing and enforcing page limits just gets in the way of a lawyer trying to do his or her job as best he or she can do it.

       Whether the proffered motion requires so many words spread across so many pages to make its points remains to be seen. In any event, if the lawyer writes it, I will read it – albeit, in all likelihood, with rather less enthusiasm than if the memorandum were shorter.

       The motion for leave to allow the brief to be filed without regard to the page limits prescribed by our Local Rule shall be allowed. The defendant's attorneys can write as much or as little as they want – more than its former attorney or less – that's up to them.

I sometimes tell attorneys, especially younger attorneys, that I'm not a fan of page limitations and other rules that intrude into zones of conduct and discretion that I view as the lawyer's own. On the other hand, I do note – and not entirely facetiously – that the longer it gets, often the less persuasive it becomes. I rarely encounter too short a brief.

Like everyone else, I find all too often that the available time is too short, and the briefs too thick, to do as good a job as I would like. Brevity usually helps me find my way to a better opinion; prolixity is often an impediment. But that's not always so, and that's why I disregard the rules about page limits and let lawyers write as much [or, when they are, happily, so inclined, as little] as they want.

It is, therefore,

ORDERED THAT:

1. Motion to exceed page limits allowed; and

2. Opposition to motion for summary judgment to be filed by April 30, 2008; reply due May 15, 2008.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge