IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Exact Software N.A. Inc.,                                    Case No. 3:03CV7183

                Plaintiff

       v.                                                        ORDER

Infocon, Inc.,

                Defendant

       After the plaintiff and defendant settled their disputes for a payment by plaintiff to defendant of $4,000,000, defendant Infocon fired its attorney, J. Fox DeMoisey. Mr. DeMoisey filed a charging lien as to the proceeds of the settlement. Trial was set before the undersigned to adjudicate the fee dispute.

       On learning of the fee dispute, at the request of Mr. DeMoisey and to ensure collectability of any fee award, I ordered a portion of the settlement to be distributed to Infocon, while retaining a portion for disbursement following final adjudication of the fee dispute.

       Shortly before the trial date, Mr. DeMoisey informed the court that all issues relating to the fee dispute were at issue in his counter-claim to a malpractice action brought against him by Infocon in Jefferson County, Kentucky. At Mr. DeMoisey's request, and over Infocon's objection, I vacated

the trial date here *sine die* pending trial of the entirety of the disputes between Mr. DeMoisey and Infocon in the Kentucky action.

Now pending is Infocon's motion for release of that portion of the settlement funds that exceeds what, according to its understanding, could be the maximum fee which Mr. DeMoisey could recover if he prevails *in toto* as to his claim for fees. [Doc. 321]. That maximum amount, Infocon asserts, is $1,320,000.

Infocon bases that estimate on Mr. DeMoisey's proposed special interrogatory to the jury, which he submitted in advance of the trial scheduled before me. Infocon points out that Mr. DeMoisey is asserting a right to be paid on a *quantum meriut* basis. It also contends that any such recovery on that basis could not exceed one-third of the total settlement – which $1,320,000 represents.

Mr. DeMoisey, opposing the motion for disbursement of the excess above that amount, contends that it was simply a tentative figure, and one which, in any event, has no effect given his underlying contention that his claim could not be tried before a jury.

Without intending a *res judicata* effect as to the maximum to which Mr. DeMoisey, in fact, might try to or be able to recover, I concur with Infocon that the excess above $1,320,000 should be disbursed to it. I conclude that, as I presently understand the circumstances – again, without intending to have a *res judicata* or other estoppel effect – it appears more likely than not that that amount would be the maximum which Mr. DeMoisey can realize from the fee aspect of his disputes with Infocon.[1]

---

[1] I neither make nor intend any ruling, however, as to the accuracy of Infocon's contention that recovery *quantum meriut* could not exceed one-third of the settlement amount.

Mr. DeMoisey having previously received $200,000 against his fee claim, the amount due and owing, were $1,320,000 to be the maximum fee award, would be $1,120,000. Any amount in excess of that amount shall, accordingly be disbursed to Infocon.

It is, therefore,

ORDERED THAT Clerk shall disburse the amount in excess of $1,120,000 of the funds presently in her escrow account as a result of this litigation to the defendant Infocon; the balance of $1,120,000 shall be retained in an interest-bearing account pending further court order.

The Clerk shall deduct a registry fee, at the time that the account is closed, as a percentage of interest earned on the investment, not to exceed (10%) ten percent.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge